UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-CV-00363-LRH-WGC |
| v. ) | |
| ) | |
| $73,982.00 IN UNITED STATES ) | ORDER |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil forfeiture action. Before the Court is Plaintiff the United States of America's ("the United States") Amended Motion for Default Judgment of Forfeiture. Doc. #16. There has been no response.

**I.    Facts and Procedural History**

The United States' Verified Complaint for Forfeiture in Rem (Doc. #1) alleges that on January 26, 2012, Detective Joe Lever found and seized the defendant currency inside of luggage that was located in a sleeper car, on a westbound Amtrak train. The sleeper car was occupied by Scott Thomas Porter and Monica Renee Porter. The train was *en route* from Chicago, Illinois to Emeryville, California and was on a scheduled stop in Reno, Nevada at the time of seizure.

The Complaint alleges that the defendant property: (1) was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C.

§ 881(a)(6); (2) is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); (3) was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

Pursuant to Court Order (Doc. #3), the Complaint (Doc. #1), the Order (Doc. #3), the Summons and Warrant (Doc. #4), and the Notice of Complaint for Forfeiture (Doc. #7) were served on Defendant property and all persons claiming an interest in the Defendant property. Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website (www.forfeiture.gov) between August 2, 2012 and August 31, 2012.  Doc. #5.  On January 3, 2013, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Monica Rene Porter and Scott Thomas Porter by regular mail and certified return receipt of mail.  Doc. #7. On February 1, 2013, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Scott Thomas Porter by and through Tammy M. Riggs, his counsel, by personal service.  Doc. #7.

On January 22, 2013, Scott Thomas Porter filed a claim.  Doc. #6.  On May 7, 2013, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Scott Thomas Porter regarding the $73,982.00 in United States Currency.  Doc. #8.  On May 9, 2013, the Court entered an Order granting the aforementioned Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Scott Thomas Porter.  Doc. #9.

Monica Renee Porter did not file a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Federal Rule of Civil Procedure Supplemental Rule G(4) and (5). On September 30, 2013, the Clerk of the Court entered an Amended Default against the Defendant property and all persons or entities who claim an interest in the Defendant property. Doc. #15.  The United States now seeks entry of default judgment of forfeiture.  Doc. #16.

**II.     Legal Standard**

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may enter default judgment where the Clerk has previously entered default based on the defendant's (or, as here, claimant's) failure to defend. Following entry of default, the factual allegations in the Complaint are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The determination of whether to grant default judgment lies within the Court's discretion, though the court may consider factors such as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III.    Discussion**

Here, the *Eitel* factors counsel in favor of granting default judgment. The United States provided adequate service and notice to the parties known to have an interest in the currency, there is no evidence of excusable neglect justifying the failure to respond, and the amount of money is not so great as to preclude default judgment. *See, e.g.*, *United States v. Approximately $72,000 in U.S. Currency*, 2009 WL 506866, at *4 (N.D. Cal. Feb. 27, 2009) (holding that the sum of $72,000 was not large enough to "warrant a denial of the motion" for default judgment). Furthermore, the United States has complied with the procedural requirements for forfeiture under Supplemental Rule G, and the allegations in the Complaint are sufficient to warrant forfeiture of the currency under 21 U.S.C. § 881(a)(6) as "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance [or as] proceeds traceable to such an exchange." Therefore, default judgment is appropriate.

///

///

///

1  IT IS THEREFORE ORDERED that the United States of America's Motion for Default
2  Judgment of Forfeiture (Doc. #16) is GRANTED.  The Court hereby certifies pursuant to 28 U.S.C.
3  § 2465(a)(2) that there was reasonable cause for the seizure, arrest, and forfeiture of the defendant
4  property.
5  IT IS SO ORDERED.
6  DATED this 19th day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE